479 So.2d 655 (1985)
Carol JONES, et ux.
v.
Warren ZUMO, et al.
No. CA 85 0840.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
Michael O. Hesse, St. Francisville, for plaintiffs-appellants Carol Jones, et ux.
*656 Carolyn P. Perry, Baton Rouge, for defendants-appellees Warren Zumo and A.I.U. Ins. Co.
Before LOTTINGER, COLE and CRAIN, JJ.
COLE, Judge.
Warren Zumo and the A.I.U. Insurance Company, defendants, filed this motion to dismiss the devolutive appeal of Carol and Michael Jones, plaintiffs, on the basis the judgment complained of is non-appealable.
On October 12, 1982, the plaintiffs filed this suit to recover damages for personal injuries which allegedly arose from an automobile accident. Fault for the accident was stipulated to by the defendants; however, injury causation and damages were denied and reserved for a jury trial. On January 31, 1985, the jury rendered its verdict in favor of defendants. On February 21, 1985, plaintiffs filed motions for a Judgment Notwithstanding the Verdict and, alternatively, for a new trial, which were heard and denied on March 29, 1985. A written judgment on the merits was signed by the trial judge on March 4, 1985. On April 18, 1985, the trial court signed a judgment denying the motions for Judgment Notwithstanding the Verdict and for a new trial.
On May 29th, plaintiffs filed a motion for appeal expressing their desire to appeal from a judgment signed on "April 18, 1985, denying plaintiffs' motion for a Judgment Notwithstanding the Verdict and Motion for New Trial." On June 4, 1985, the trial court granted a devolutive appeal without making reference to the date of the judgment.
It is well settled the denial of a motion for new trial is an interlocutory judgment which can be appealed only upon a showing of irreparable harm. Dural v. City of Morgan City, 449 So.2d 1047 (La. App. 1st Cir.1984).
"Nevertheless, there is a line of Supreme Court cases which holds that where a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826 (La. 1969); Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (La.1968); Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904 (La.1967). See also Johnson v. Johnson, 432 So.2d 1140 (La. App. 3rd Cir.1983). In these cases, the court did not require much to conclude that the appellant actually intended to appeal from the judgment on the merits and that it was merely due to inadvertency that the date of the judgment denying a new trial was given. Factors cited in these cases as showing such an intent include the appellant's assertion to that effect, whether the parties briefed issues on the merits of the final judgment and whether the language of the order granting the appeal indicated that it was from the judgment denying a new trial." Dural at 1048.
In the present case the order granting the devolutive appeal was silent as to which judgment "... in the above numbered and entitled proceeding..." was being appealed. Further, the plaintiffs oppose this motion to dismiss the appeal maintaining the appeal is being taken from the merits of this case. The plaintiffs filed a motion to amend and supplement the appeal transcript with a transcript of the trial which was granted and ordered by this court on September 6, 1985. The plaintiffs' brief addresses issues pertaining to the judgment on the merits. Finally, in their motion to appeal, the plaintiffs did not allege irreparable injury which is necessary to appeal from an interlocutory judgment. We infer from this the plaintiffs intended to appeal from the March 4, 1985 judgment on the merits.
Therefore, we conclude the plaintiffs' inadvertance in listing the date of the April 18 judgment instead of the March 4 *657 judgment is insufficient grounds for the dismissal of their appeal. Appeals are favored and will be dismissed only when the grounds for such dismissal are free from doubt. Dural, supra.
Appellate costs will be assessed upon rendition of opinion on the merits.
MOTION TO DISMISS APPEAL DENIED.