951 So.2d 270 (2006)
GOLD DUST GRAPHICS, INC.
v.
Douglas DIEZ.
No. 2006 CA 0323.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
*271 Joseph P. Brantley, IV, Baton Rouge, Counsel for Plaintiff/Appellee Gold Dust Graphics, Inc.
Malcolm J. Dugas, Jr., Donaldsonville, Dwight D. Poirrier, Gonzales, Counsel for Defendant/Appellant Douglas Diez.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
This is an appeal of a partial summary judgment on one cause of action asserted in a civil action arising from an advertising services contract between the parties. We conclude that the partial summary judgment was improperly designated as final for purposes of appeal and therefore dismiss the appeal for the following reasons.

FACTS AND PROCEDURAL BACKGROUND
The defendant-appellant, Douglas Diez, engaged the services of the plaintiff-appellee, Gold Dust Graphics, Inc. (Gold Dust), a graphic design company, to provide advertisements and other promotional material for the benefit of Pelican Point Golf Community in Ascension Parish.[1] The parties' written contract of March 13, 2000 provided for a total budget of $103,960.00, to be paid by Mr. Diez through an initial deposit of $17,326.67 and monthly payments of $8,663.00 from April 1, 2000 through February 1, 2001. In turn, Gold Dust agreed to act as Mr. Diez's media agent and purchasing agent for advertisement, to pay the ongoing expenses in that regard, and to provide a monthly expense report with "tear sheets" to Mr. Diez.
Mr. Diez paid the initial deposit and the first monthly payment, but stopped payment on the check representing the second monthly payment. Gold Dust, through its attorney, sent a demand letter for payment of the sum represented by the check, pursuant to La. R.S. 9:2782.2. Mr. Diez replied by letter, claiming that Gold Dust had provided "no information" and "no accounting" of payment of expenses.
On July 21, 2000, Gold Dust instituted the present action by filing a petition for a money judgment in the 21st Judicial District Court for the Parish of Livingston. It alleged that Mr. Diez stopped payment on the check, a demand letter in compliance with La. R.S. 9:2782.2 was sent to him by certified mail, more than 30 days had elapsed from the receipt of the demand letter, and no payment had been made. Gold Dust therefore alleged Mr. Diez's liability to it for twice the amount of *272 the check, attorney's fees, and court costs, as authorized by the statute.
Mr. Diez objected to the action's venue by filing a declinatory exception raising that objection. Gold Dust thereupon filed a supplemental and amending petition, setting out the particulars of the contract's terms and alleging that a substantial portion of its contract work was performed in Livingston Parish. It further alleged that Mr. Diez was liable for the entire unpaid balance of the contract's monetary budget due to his breach of the contract.
On May 23, 2001, the 21st Judicial District Court sustained Mr. Diez's declinatory exception and ordered this action transferred to the 19th Judicial District Court for the Parish of East Baton Rouge. On June 20, 2001, Mr. Diez filed his answer to Gold Dust's petition, as amended, denying any liability.
On May 18, 2005, Gold Dust filed a motion for partial summary judgment on its claim for damages, attorney's fees, and costs under La. R.S. 9:2782.2. The motion was heard by the trial court on September 19, 2005. Following the argument of counsel, the trial court expressed its reasons for granting the motion. No reasons for determining the finality of the judgment for the purpose of appeal were stated. The trial court's judgment in that regard was signed on October 3, 2005. Mr. Diez's subsequent motion for new trial was denied.
Mr. Diez then instituted this suspensive appeal.[2] On March 15, 2006, this court issued an order that the parties show cause within 30 days, by briefs, why the appeal should not be dismissed on the grounds that the trial court's judgment was not designated as final pursuant to La. C.C.P. art. 1915(B), or that the parties cause the record to be supplemented with such a designation of finality of the judgment. On the same date, the trial court signed an order stating that it made an express determination that there was no just reason for delay, and ordering its prior judgment designated as final for purposes of appeal.[3]

DISCUSSION
A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. Whether a partial final judgment is appealable is determined by examining the requirements of La. C.C.P. art. 1915. Louisiana Code of Civil Procedure article 1915(B)(1) provides that when a court renders a partial summary judgment as to "one or more but less than all of the claims, demands, issues, or theories" presented in an action, that judgment is not final for the purpose of an immediate appeal "unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." This provision "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." R.J. Messinger, Inc. v. Rosenblum, 04-1664, p. 13 (La.3/2/05), 894 So.2d 1113, 1122.
In the cited case, the Louisiana supreme court held that the required designation of finality, or certification, need not *273 include nor be accompanied by explicit reasons for the determination that there is "no just reason for delay" in order for an appeal to be taken from a partial judgment under La. C.C.P. art. 1915(B). However, the court emphasized that the trial court ideally should provide such reasons, and, if it does so, the standard of review of its certification is whether it abused its discretion. R.J. Messinger, 04-1664 at p. 13, 894 So.2d at 1122.
Because neither the trial court's judgment nor its subsequent order certifying the judgment as final provided explicit reasons for such certification, we are required to determine de novo whether the certification was proper. R.J. Messinger, 04-1664 at pp. 13-14, 894 So.2d at 1122; Motorola, Inc. v. Associated Indemnity Corp. (Motorola II), 02-1351, p. 16 (La. App. 1st Cir.10/22/03), 867 So.2d 723, 732. In conducting this review, we consider the "overriding inquiry" of "whether there is no just reason for delay," as well as the other non-exclusive criteria trial courts should use in making the determination of whether certification is appropriate:
(1) The relationship between the adjudicated and the unadjudicated claims;
(2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
(3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
(4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
R.J. Messinger, 04-1664 at pp. 13-14, 894 So.2d at 1122.
The partial summary judgment at issue determined only Gold Dust's claim under La. R.S. 9:2782.2 related to the check, as opposed to its claim for breach of the underlying primary obligation. The portion of the statute relevant for our purposes provides:
A. Whenever any drawer of a check stops payment on the check with the intent to defraud or when there is no justifiable dispute as to the amount owed or the existence of the obligation, the drawer shall be liable to a holder in due course as defined in R.S. 10:3-302, or a person subrogated to the rights of such holder, for damages of twice the amount so owing, but in no case less than one hundred dollars, plus attorney fees and court costs, if the drawer fails to pay the obligation created by the check within thirty days after receipt of written demand for payment thereof substantially in the form provided for in Subsection C which notice is delivered by certified or registered mail. (Emphasis supplied.)
Pretermitting the merits of the partial summary judgment, we conclude that the trial court's certification of the judgment for appeal was improper. The issue of whether there was a "justifiable dispute as to . . . the existence of the obligation" underlying the issuance of the check is closely, if not inextricably, related to the issues of breach of contract under the parties' reciprocal obligations. Thus, there is clearly a close relationship between the adjudicated and unadjudicated claims. There is nothing in the record to suggest that the appeal of the partial summary judgment at this stage of the proceedings "best serves the needs of the parties," or that other compelling or urgent circumstances exist. See R.J. Messinger, 04-1664 at p. 13, 894 So.2d at 1122. Finally, and most importantly, there are no circumstances suggesting that a delay in appellate review until final determination of all *274 issues would be unjust, such that immediate appeal should take precedence over the principles of sound judicial administration and economy of appeals.[4]
It is well-settled that appeals are favored in the law, and should not be dismissed unless the reason for doing so is free from doubt. Fraternal Order of Police v. City of New Orleans, 02-1801, pp. 2-4 (La.11/8/02), 831 So.2d 897, 899-900. Implicit in that general principle, however, is that appeals must properly comport with the law's well-settled policy against multiplicity of appeals and piecemeal litigation. See R.J. Messinger, 04-1664 at p. 13, 894 So.2d at 1122. In other words, economy of appeals is favored, economical appeals are favored, but piecemeal appeals are not favored.
Because the impropriety of the certification is apparent from the record and no deference is due the trial court's certification given the absence of any assigned reasons, a request for a per curiam from the trial court now would serve no purpose. See R.J. Messinger, 04-1664 at p. 14, 894 So.2d at 1122. As we have determined on our de novo review that the trial court erred in designating the judgment as final, we must dismiss this appeal. Motorola II, 02-1351 at p. 17, 867 So.2d at 733. The partial summary judgment does not constitute a final judgment for purposes of appeal, and thus may be revised by the trial court at any time prior to the rendition of the judgment adjudicating all issues and claims. La. C.C.P. art. 1915(B)(2).

DECREE
The appeal of the defendant-appellant, Douglas Diez, is dismissed. The costs of appeal are assessed to the parties in equal proportions.
APPEAL DISMISSED.
NOTES
[1] Mr. Diez was the developer of Pelican Point Golf Community, a residential real estate development and golf course.
[2] Gold Dust also contends in its brief that the trial court committed error in failing to award it reasonable attorney fees under La. R.S. 9:2782.2(A) and a service charge under La. R.S.9:2782(B). Not having perfected its own appeal, nor having timely answered Mr. Diez's appeal, Gold Dust is precluding from complaining about any aspect of the trial court's judgment. See La. C.C.P. art. 2133(A).
[3] The trial court's order was inadvertently dated March 15, 2005.
[4] See n. 2, supra.