McDonald, J.
12Tliis is an appeal of a district court’s granting of a motion for partial summary judgment. The matter is before us as an appeal and also as a supervisory writ. For the following reasons, we dismiss the appeal, grant the writ, reverse the judgment, and remand the matter.
An automobile accident occurring on October 22, 2008, precipitated this law suit. Dana Annette Bolton’s vehicle collided with Kenneth James Mackenzie’s vehicle on St. Louis Street in downtown Baton Rouge, Louisiana. At the time of the accident, Mr. Mackenzie was insured by defendant, Farmers Texas County Mutual Insurance Company and Farmers Insurance Exchange (Farmers).[1]' Ms. Bolton filed suit against Farmers and Mr. Mackenzie on October 19, 2009, alleging that Mr. Mackenzie failed to yield the right-of-way to Ms. Bolton’s vehicle and negligently entered her lane of travel. She alleged that she suffered injuries, damages, and losses as a result of the collision. As the matter proceeded, Farmers filed a motion to have Mr. Mackenzie dismissed, which the court granted.
Ón August 5, 2013, Ms. Bolton filed a motion for partial summary judgment alleging that, based on the depositions of Ms. Bolton, Mr. Mackenzie, and Corporal Mark Weber, the police officer who investigated the accident, she was entitled to judgment as a matter of law on the issues of duty and breach of duty? According to Ms. Bolton, she was in the left lane of a one-way street comprised of two lanes. Construction was in progress, requiring traffic in the right lane to merge into the left lane. Mr. Mackenzie was in the right lane and in attempting to merge, he hit Ms. Bolton’s car. He acknowledged hearing Ms. Bolton honk her horn but “didn’t think anything of it.”
laMs. Bolton’s motion for partial summary judgment came for hearing on September 3, 2013. After hearing arguments, the trial court granted the motion in open court. Farmers notified the trial court of its intent to seek supervisory review of the judgment and requested a continuance of the September 16, 2013 trial date on this basis. After initially denying the request for a continuance, the trial court granted a joint motion for continuance that was filed on September 5, 2013. The writ application was filed on September 10, 2013, the same day the trial court signed the judgment granting Ms. Bolton’s motion for partial summary judgment and designating the judgment as a final judgment pursuant to La. C.C.P. art. 1915B. A panel of this court reviewed the writ application and ordered that the “writ be referred to the same panel that is assigned the yet to be lodged appeal.” Dana Annette Bolton v. Farmers Texas County Mutual Insurance Company and Farmers Insurance Exchange, 2013 CW 1563 (La.App. 1 Cir. 11/18/13) (unpublished writ action). The motion for appeal was made on October 8, 2013, and the record was lodged with this court on December 20, 2013.
THE APPEAL
The judgment by the trial court reads, in pertinent part, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that plaintiffs Motion for Partial Summary Judgment be and it is hereby GRANTED on the issues of duty and breach of duty.
The Court expressly finds, pursuant to LSA-C.C.P. article 1915B ... that there is no just reason for delay, and *1181 hereby designates this matter as a final judgment. (R669)
When the trial court gives explicit reasons for designating a judgment as final and, thus, immediately appealable, the proper standard of review by the appellate court is whether the trial court abused its discretion. Code v. Department of Public Safety and Corrections, 11-1282 (La.App. 1 Cir. 10/24/12), 103 So.3d 1118, 1123, writ denied, 12-2516 (La.1/23/13), 105 So.3d 59. When the trial court does not give reasons for certifying the judgment as final, the court of appeal is 14required to conduct a de novo review. Gold Dust Graphics, Inc. v. Diez, 06-0323 (La.App. 1 Cir. 12/28/06), 951 So.2d 270, 273. In this case, the trial court gave no such reasons for designating the judgment as final; we, therefore, will conduct a de novo review.
Regarding this court’s review of a finality designation, the court in Code, 103 So.3d at 1123-1124, noted:
Historically, our courts have had a policy against multiple appeals and piecemeal litigation. Article 1915 attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. Thus, in considering whether a judgment is properly designated as final pursuant to Article 1915, a court must take into account judicial administrative interests as well as the equities involved. Factors to be considered by a trial court, although not exclusive, when determining whether a partial judgment should be certified as appealable, include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Nevertheless, the overriding inquiry for the trial court is whether there is no just reason for the delay.
Further, LSA-C.C.P. article 1915 provides, in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
[[Image here]]
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
In this case, the issue of liability was not tried separately by a jury or by the trial court. In fact, the issue of liability was not determined at all. The trial court found that Mr. Mackenzie had a duty to Ms. Bolton, the motorist in the left lane, and that Mr. Mackenzie breached this duty. There was no finding of liability and no consideration of any comparative fault. The motion for partial summary | judgment was limited to a request for a finding of a duty that was owed and a finding that the duty was breached. In looking at the four factors to be considered in determining whether the judgment is final, as set forth in Code, we find that the adjudicated and unadjudicated issues are so inextricably intertwined that it is almost impossible to separate them. Whether there was any liability on the part of Mr. Mackenzie is still to be decided. Whether *1182 there is any comparative fault on Ms. Bolton’s part, or anyone else, must also be determined. To decide these issues piecemeal is not judicially expedient, and the final determination of these issues could moot the issues before us in this appeal. Once the issues of liability and comparative fault are finally determined, it is not only possible, but highly probable, that this court will be obliged to consider these same issues a second time. For these reasons, we find that the trial court’s judgment is not a final, appealable judgment, and we dismiss the appeal.
THE WRIT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Granda v. State Farm Mutual Insurance Company, 04-2012 (La.App. 1 Cir. 2/10/06), 935 So.2d 698, 701. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966B(2).[2] Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” LSA-C.C.P. art. 966A(2).
| fiThe burden of proof on a motion for summary judgment remains with the mov-ant. LSA-C.C.P. art. 966C(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements. LSA-C.C.P. art. 966C(2).
A “genuine issue” is a “triable issue,” that is, an issue on which reasonable persons could disagree. If, on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002, 1006. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Fernandez v. Hebert, 06-1558 (La.App. 1 Cir. 5/4/07), 961 So.2d 404, 408, writ denied, 07-1123 (La.9/21/07), 964 So.2d 333. A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. East Tangipahoa Development Company, LLC v. Bedico Junction, LLC, 08-1262 (La.App. 1 Cir. 12/23/08), 5 So.3d 238, 243-44, writ denied, 09-0166 (La.3/27/09), 5 So.3d 146.
Louisiana Revised Statutes 32:79 provides, in pertinent part:
Whenever any roadway has been divided into two or more marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply. (1) A vehicle shall be driven as nearly as practicable entirely within |7a single lane *1183 and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
Ms. Bolton’s version of how the accident occurred, with Mr. Mackenzie in the right lane, attempting to merge into the left, established that Mr. Mackenzie had a duty to yield to Ms. Bolton. This is a question of law; but, whether he breached that duty is a question of fact.
Mr. Mackenzie gave a different version of how the accident happened. According to Mr. Mackenzie, the traffic in the right lane, in which he was driving, was merging into the left lane, because the right lane was closed due to construction. When there was room in the left lane, he merged into it. The traffic was inching forward and he was required to stop. He had 90% of his car in the left lane when Ms. Bolton ran into him. Mr. Mackenzie testified in his deposition that when Ms. Bolton saw him merging into her lane she moved into a space designated for handicapped drop-off. She was inching forward back into the left lane of traffic and looking at his vehicle, apparently trying to get as close as possible, when her car struck his vehicle. Mr. Mackenzie testified that he was watching Ms. Bolton approach in his side view mirror. He stated that the impact was a nudge so slight that it did not cause him to move. He got out of the car to speak with Ms. Bolton, told her that he was not hurt, and there was such minimal damage to his car that he was not going to report it to his insurance company. He was on his way back to his dormitory at LSU and just wanted to get going again.
Louisiana Code of Civil Procedure article 966 provides, in pertinent part:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed....
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
|sThe issue of whether Mr. Mackenzie was attempting to merge and hit Ms. Bolton, or was 90% merged and stopped, is a material fact that precludes summary judgment. Accordingly, the writ is granted, the judgment for partial summary judgment is reversed, and the case is remanded for trial.
Costs of this appeal are assessed against Dana Annette Bolton.
APPEAL DISMISSED; WRIT GRANTED; JUDGMENT REVERSED AND REMANDED.

. The defendant was improperly named as "Farmers Insurance Company” .in the petition, but Ms. Bolton later amended her petition to properly name "Farmers Texas County Mutual Insurance Company.”

. Louisiana Code of Civil Procedure article 966 was amended in 2014. The amendment is not implicated in the issues presented in this appeal. See 2014 La. Acts, No. 187, § 1, effective August 1, 2014.