# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0936

# SUCCESSION OF ANGERELLA SIMMS

Judgment Rendered: **FEB 2 1 2020**

\* \* \* \* \* \* \*

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 102787

Honorable Trudy M. White, Judge Presiding[1]

\* \* \* \* \* \* \*

| | |
|---|---|
| Johnell M. Matthews<br>Johnnie L. Matthews<br>Chrystal M. Matthews<br>Baton Rouge, Louisiana | Attorneys for Appellant,<br>Wiley Williams |
| Jack M. Alltmont<br>New Orleans, Louisiana | Attorney for Plaintiff/Appellee,<br>Ralph Anthony Williams, II |

\* \* \* \* \* \* \*

**BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

---

[1] The Honorable Todd Hernandez originally presided over this matter. The Honorable Trudy White signed the amended judgments.

**PENZATO, J.**

This case is before us on appeal by Wiley Williams from a trial court judgment granting a petition to annul a previously probated testament. For the following reasons, we dismiss the appeal and remand this matter to the trial court.

## FACTS AND PROCEDURAL HISTORY

Angerella Simms died in August 2016.[2] She had two children, Wiley Williams and Ralph Williams. Ralph predeceased Ms. Simms. On April 4, 2017, Wiley filed a petition seeking to probate a will executed by Ms. Simms on November 23, 2009. The trial court signed orders probating the will and appointing Wiley executor. Thereafter, Ralph Anthony Williams, II ("Tony"), one of Ralph's two children, filed a petition to annul the probated will, asserting that it was not in accordance with the formalities prescribed for a notarial will under La. C.C. art. 1577. More specifically, relying upon *Successions of Toney*, 2016-1534 (La. 5/3/17), 226 So. 3d 397, Tony called attention to the following defects of form: the witnesses did not attest to having seen the notary sign the document, the notary made no attestation at all but merely ascribed to the fact that he notarized the document, and the notary did not state that he signed the document in the presence of the witnesses and testatrix.

Following a hearing on the petition to annul the testament, the trial court orally granted the petition, concluding that the attestation clause executed by the notary failed to sufficiently comply with the requirements of La. C.C. art 1557 as recognized in *Successions of Toney*, 226 So. 3d 397. A judgment was signed on December 26, 2018, which provided as follows:

> The Testament of Angerella W. Simms previously accepted by Order of Probate in this matter dated April 10, 2017 is hereby annulled. Further, absent a party presenting a valid will, the Court declares that Angerella died intestate. The Judgment probating the will is vacated and the Letters of Executorship are withdrawn. It is

---

[2] The Petition for Probate represents that Ms. Simms died on August 2, 2016. The Affidavit of Death and Heirship states that she died on August 30, 2016.

further ordered that Wiley M. Williams render to Ralph Anthony Williams, II an accounting for his actions in the administration of the affairs of Angerella after her death.

Wiley filed a motion for new trial, which came for hearing on February 19, 2019.[3] The matter was taken under advisement and on February 25, 2019, the trial court issued a "Ruling" on the motion for new trial:

> The Court after considering the evidence, law and arguments of counsel *denies* the mover's motion. While the Court understands and perhaps is even amenable to mover's argument, the Court does not find the Court's previous ruling citing the *Succession of Toney* decision to be contrary to the law and evidence.
>
> A Judgment shall be submitted and signed accordingly. Each party to bear their own respective cost of this proceeding.

Wiley filed a motion to appeal, and on April 25, 2019, an order of appeal was entered granting a devolutive appeal from the judgment of February 25, 2019.

On September 10, 2019, this court, *ex proprio motu*, issued a rule to show cause regarding two issues. First, the show cause order noted that it appeared from the face of the February 25, 2019 "Ruling," that the appeal was premature given that the trial court expressly ordered the parties to submit a written judgment. Second, the show cause order additionally noted that the exact relief denied by the February 25, 2019 "Ruling" could not be determined pertaining to the accounting that Wiley M. Williams was to render to Ralph Anthony Williams, II, as referenced in the December 26, 2018 judgment.

Wiley responded to this court's show cause order, acknowledging that the court's February 25, 2019 ruling was not memorialized by a written judgment as ordered by the trial court. He indicated that a judgment had been prepared and submitted to the trial court for signature. Furthermore, Wiley asserted that the December 26, 2018 judgment had been amended to reflect sufficient decretal

---

[3] The motion for new trial was filed on November 30, 2018, prior to a written judgment being signed on December 26, 2018. The technical prematurity of the motion for new trial was cured by the signing of the judgment. *In re Tutorship of Ingraham*, 565 So. 2d 1012, 1020 (La. App. 1 Cir.), writ denied, 568 So. 2d 1078 (La. 1990).

3

language to indicate that it was a final judgment and had also been submitted to the trial court for signature, with instructions to supplement the record on appeal. Subsequently, on January 15, 2020, the appellate record was supplemented with the two judgments.

The December 26, 2018 judgment was amended by the issuance of an "Amended Judgment" signed October 8, 2019, which contains the following language:

> The Court, in consideration of the law, as well as the Supreme Court's pronouncement in the *Succession of Toney*; therefore, the Petition to Annul the previously probated Testament of Angerella W. Simms is hereby GRANTED.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that this is a final Judgment, and that there is no just reason for delay pertaining to the issue of the validity of the Last Will and Testament of Angerella W. Simms, as this Judgment disposes of all issues concerning the validity of the will, and therefore, same is designated as a final Judgment in accordance with the provisions of Louisiana Code of Civil Procedure, Article 1915(B).

A judgment in accordance with the trial court's February 25, 2019 ruling was signed on October 8, 2019, which indicated:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that mover's/Wiley Williams' Motion for Judgment Notwithstanding the Verdict And/Or New Trial is hereby DENIED. The Last Will and Testament of Angerella W. Simms is hereby annulled. Each party is to bear his own respective cost of this proceeding.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that this is a final Judgment, and there is no just reason for delay on the issue of the validity of the Last Will and Testament of Angerella W. Simms, as this Judgment disposes of all issues pertaining to the validity of the will, and therefore, same is designated as a final judgment in accordance with the provisions of Louisiana Code of Civil Procedure, art. 1915(B).

## JURISDICTION

Before reaching the merits of this appeal, we have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.*, 2017-1250 (La. App.

4

1 Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc).

In a devolutive appeal, the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal. La. C.C.P. art. 2088(A). An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial, and becomes effective upon the denial of such motion. La. C.C.P. art. 2087(D). Unless the motion for new trial is denied, the trial court is not divested of its original jurisdiction, and the appellate court's jurisdiction does not attach. *Lane v. Lane*, 2015-1572 (La. App. 1 Cir. 2/26/16), 2016 WL 770832, *2.

In response to this court's rule to show cause, Wiley procured a judgment denying his motion for new trial, which was signed by the trial court on October 8, 2019. Thus, the order of appeal signed on April 25, 2019, did not become effective until October 8, 2019, and the trial court maintained jurisdiction until that time. See La. C.C.P. art. 2087(D); *Lane*, 2016 WL 770832, *2. Therefore, the first concern raised by this court's show cause order as to the prematurity of the appeal has been resolved. However, this does not resolve the jurisdictional issues regarding this appeal.

Wiley's motion for appeal sought to appeal the February 25, 2019 judgment, referred to as a denial of his motion for new trial. A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. See La. C.C.P. art. 2083(C); *Hickman v. Exxon Mobil Corp.*, 2017-0235 (La. App. 1 Cir. 7/18/18), 255 So. 3d 1097, 1101, writ denied, 2018-1463 (La. 11/20/18), 256 So. 3d 996. However, when a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. *Id.* In this case, it is clear from Wiley's "Specification of Errors" that he intended to appeal

5

from the judgment signed by the trial court on December 26, 2018, that annulled the previously probated testament of Ms. Simms, withdrew the Letters of Executorship granted to Wiley, and ordered an accounting to Tony. This judgment was amended on October 8, 2019 to state, in relevant part that, "the Petition to Annul the previously probated Testament of Angerella W. Simms is hereby GRANTED."

A judgment annulling a previously probated testament determines the merits of that separate action, brought in the succession proceeding, and accordingly constitutes a final appealable judgment. See *In re Succession of Theriot*, 2008-1233 (La. App. 1 Cir. 12/23/08), 4 So. 3d 878, 882. However, the October 8, 2019 "Amended Judgment," which would otherwise be an appealable judgment of the court, is nonetheless fatally defective for lack of proper decretal language.

Because our jurisdiction extends only to "final judgments," see La. C.C.P. art. 2083(A), this court cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. *Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.*, 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So. 3d 1054, 1061, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. For a judgment to be a final judgment, it must contain appropriate decretal language. *Matter of Succession of Weber*, 2018-1337 (La. App. 1 Cir. 4/29/19), 276 So. 3d 1021, 1026. For the language to be considered decretal, it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Id.* at 1026-27. These determinations should be evident from the language of the judgment without reference to other documents in the record. *Advanced Leveling*, 268 So. 3d at 1046.

The October 8, 2019 "Amended Judgment" grants the petition to annul the previously probated testament of Ms. Simms. However, it does not name the party

6

in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted, *i.e.* annulling the previously probated testament of Ms. Simms. Thus, because the judgment lacks sufficient decretal language, ascertainable from the four corners of the judgment, the ruling on which this appeal is based is not a final appealable judgment. See *DeVance v. Tucker*, 2018-1440 (La. App. 1 Cir. 5/31/19), 278 So. 3d 380, 382.

This court is authorized to treat an appeal of a non-appealable judgment as an application for supervisory writs and to rule on the merits of the application. See *Best Fishing, Inc. v. Rancatore*, 96-2254 (La. App. 1 Cir. 12/29/97), 706 So. 2d 161, 166. However, when the jurisdictional defect lies in the non-finality of a judgment for its lack of the requisite decretal language or specificity (as opposed to an appeal from an interlocutory judgment), an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of a judgment containing the requisite precise, definite, and certain decretal language necessary for appellate review. *Succession of Weber*, 276 So. 3d at 1027. In the absence of precise, definite and certain decretal language, the judgment is defective, and this court lacks jurisdiction to review the merits, even if we were to convert the matter to an application for supervisory writs. *Id.*

Therefore, as the October 8, 2019 "Amended Judgment" is defective because it lacks proper decretal language, we decline to exercise our supervisory jurisdiction.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal and remand the matter to the trial court for further proceedings. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED; REMANDED.**